UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

LAKE BENNETT VILLAGE-OCOEE, LLC,          Case No.: 6:25-bk-02001-LVV
                                          Chapter 11

       Debtor.

_____/

### DEBTOR'S MOTION FOR JOINT ADMINISTRATION

Lake Bennett Village-Ocoee, LLC ("Lake Bennett"), by and through its proposed undersigned counsel, pursuant to 11 U.S.C. §§ 101(2), 105(a), 363(b), 541, 1107(a), and 1108, Federal Rules of Bankruptcy Procedure 1015(b) and 6003, and Local Rule 1015-1, hereby moves the Court for entry of an order directing joint administration of the Debtor's case for procedural purposes only with the pending bankruptcy case of Maine Boulevard II, LLC (Maine Blvd), case no. 6:25-bk-02002. In support of this Motion, the Debtor states as follows:

Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are 11 U.S.C. §§ 101(2), 105(a), 363(b), 541, 1107(a), and 1108, Federal Rules of Bankruptcy Procedure 1015(b) and 6003, and Local Rule 1015-1.

Background

3.      On April 7, 2025 (the "Petition Date"), the Debtor, Lake Bennett Village-Ocoee, LLC filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      On April 7, 2025(the "Petition Date"), Maine Boulevard II, LLC filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No request for appointment of a chapter 11 trustee or examiner has been made and no official committee has been appointed.

7.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to their respective Case Management Summaries.

## Relief Requested

8.      The Debtor seeks entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

9.      The Debtor specifically request that its chapter 11 cases be jointly administered under the case number of Lake Bennett Village-Ocoee, LLC as the "Lead Case."

## Basis for Relief

10.      Federal Rule of Bankruptcy Procedure 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b).

11.      As described in the Case Management Summaries, the Debtors are "affiliates" as that term is defined in the Bankruptcy Code.  Pursuant to section 101(2)(A), an affiliate means an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor".   Debtors are owned and controlled equally by

David Townsend, Elizabeth Townsend and David Townsend, II, making the Debtors "affiliates" pursuant to the Bankruptcy Code. The Debtors also have common and joint secured debtors and own adjoining real properties.

12.     Rule 1015(b) promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). The Debtors are affiliates and the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure authorize the Court to grant the relief requested herein.

13.     The Debtors submit that joint administration of their Chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

14.     To the Debtor's knowledge, the joint administration of the Debtors' bankruptcy cases will not give rise to any conflict of interest among the estates of the cases to be jointly administered. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  Moreover, each creditor may still file its proof of claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.  Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.

15.     Accordingly, the Debtor submits that the joint administration of these Chapter 11 cases is in the best interests of the Debtors, their estates, and other parties-in-interest.  The Debtor request that the Court modify the caption of the Debtors' Chapter 11 cases to reflect their joint administration as follows:

In re:

| | |
|---|---|
| Lake Bennett Village-Ocoee, LLC, | Case No.: 6:25-bk-02001-LVV |
| Maine Boulevard II, LLC, | Chapter 11 |
| | (Lead Case) |
| _____Debtors._____ / | |
| | Jointly Administered with |
| | Case No.: 6:25-bk-02002-LVV |

WHEREFORE, the Debtor respectfully requests (i) entry of an order, in the form attached hereto as **Exhibit "A"**,(ii) directing joint administration of these Chapter 11 cases and (iii) granting such other and further relief as is just and equitable.

Dated: April 8, 2025.                    Respectfully submitted,

*/s/ Jonathan M. Sykes*
Jonathan M. Sykes, Esquire
Florida Bar No.: 73176
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2680
E-mail: jsykes@nardellalaw.com
Secondary Email:  klynch@nardellalaw.com

*Proposed Counsel for Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 8, 2025, a true and correct copy of the foregoing has

been served to (i)to all filing users through the CM/ECF system including the United States Trustee

at Audrey.M.Aleskovsky@usdoj.gov;  and (ii) by first class United States mail to the parties listed

below:

Florida Regional Center, LP
c/o Holland & Knight
P.O. Box 1288
Tampa, FL 33601

Orange County Tax Collector
Scott Randolph
P.O. Box 545100
Orlando, FL 32854

FRERC Community
Development District
c/o Wrathell Hunt & Associates
2300 Glades Road
Suite 410W
Boca Raton, FL 33431

*/s/Jonathan M. Sykes*
Jonathan M. Sykes, Esq.

## **Exhibit A**
Proposed Order

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Lake Bennett Village-Ocoee, LLC                     Case No.: 6:25-bk-02001-LVV
        Debtor.                                      Chapter 11
_____/

## ORDER GRANTING DEBTORS' MOTION FOR JOINT ADMINISTRATION

THIS MATTER came before the Court for hearing on _____ upon the Debtor's Motion

for Joint Administration (Doc. No. _) (the "Motion").  The cases identified in the caption of this

order are pending in this court by the Debtor and an affiliate.  It appears that these cases should be

jointly administered as authorized under Bankruptcy Rule 1015 and Local Rule 1015-1.

Accordingly, it is

**ORDERED** that:

1.        The Motion (Doc. No. __) is **GRANTED**.

2.        Lake Bennett Village-Ocoee, LLC and Maine Boulevard, II, LLC bankruptcy cases

shall be jointly administered with Lake Bennett Village- Ocoee, LLC, Case No. 6:25-bk-02001-

LVV designated the "Lead Case".

3.      A single case docket and court file will be maintained hereafter under the "Lead Case" number.

4.      The Clerk of Court shall maintain separate claims registers and ballot files (if separate plans are filing) for each of the Bankruptcy cases.

5.      Except as otherwise set forth below, all papers including, without limitation, motions, applications, notices, monthly operating reports, and orders shall be filed in the Lead Case and shall bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| Lake Bennett Village-Ocoee, LLC,<br>Maine Boulevard II, LLC, | Case No.: 6:25-bk-02001-LVV<br>Chapter 11<br>(Lead Case) |
|     Debtors.<br>_____/ | Jointly Administered with<br>Case No.: 6:25-bk-02002-LVV |

6.      The Clerk of Court shall docket this Order in each of the Bankruptcy Case and give notice to all CM/ECF filers and PACER users that all future filings shall be filed and docketed in the Lead Case.

7.      The following papers shall be filed in the separate Bankruptcy Cases, Caption with the name and case number for that particular case;

(a)      List of creditors pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure;

(b)       Schedules and statements of financial affairs ( and any amendments thereto)

(c)      Claims (and any objections to claims and notices related to transfers of claims);

(d)     Ballots (if separate plans are filed; and

(e)     Motions for final decree.

8.      Each of the jointly administered Debtors shall file separate monthly operating reports to be docketed in the Lead Case.

9.      Papers and orders that pertain to one or more specific Debtor(s) shall be filed in the Lead Case; however, the caption of the paper or order shall designate the specific Debtor(s) to which the paper order applies.

10.     If creditors are added to the matrices of the administratively consolidated Debtors, counsel for the Debtors shall serve the Order on all added Creditors and file a proof of such services in the Lead Case.


Attorney Jonathan Sykes is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.