UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re

Lake Bennett Village-Ocoee, LLC,   Case No.: 6:25-bk-02001-GER
                                    Chapter 11
       Debtor.
_____/

### UNITED STATES TRUSTEE'S AMENDED[1] OBJECTION TO MOTION FOR JOINT ADMINISTRATION

      The United States Trustee for Region 21, Mary Ida Townson ("United States Trustee"), by and through her undersigned counsel, objects to the Motion for Joint Administration filed by Lake Bennett Village-Ocoee, LLC ("Lake") and Maine Boulevard II, LLC ("Maine") because the two entities do not have the requisite relationship to qualify for the relief sought.

### BACKGROUND

**Lake Bennett Village-Ocoee, LLC, Case No. 6:25-bk-02001-GER**

      1.    On April 7, 2025, Lake filed a voluntary Chapter 11 Petition in Case No. 6:25-bk-02001-GER. According to its petition, Lake is a single asset real estate entity. (Doc. 1 at 2). David Townsend is the Manager and CEO and has a 70% ownership interest. (Id. at 4).

      2.    As set forth in Maine's Case Management Summary (Doc. 4), it owns 6 parcels of undeveloped vacant commercial property. (Doc. 4 at 2.)

**Maine Boulevard II, LLC, Case No. 6:25-bk-02002-GER**

      3.    On April 7, 2025, Maine filed a voluntary Chapter 11 Petition in Case No. 6:25-bk-02002-GER. According to its petition, Maine is single asset real estate. (Doc. 1 at 2).

---

[1] Amended to include references to orders denying joint administration in the Middle District of Florida. See paragraph 14.

4. As set forth in Maine's Case Management Summary (Doc. 4), it owns three parcels of undeveloped commercial property. David Townsend is the Manager and CEO. Maine is owned by Main Street North 2, LLC. (Doc. No. 4 at 2.)

**Motions for Joint Administration**

5. Both Lake and Maine filed motions requesting that their cases be jointly administered for procedural purposes. (Doc. No. 7 in Lake; Doc. No. 7 in Maine). In these motions, the debtors state in pertinent part as follows:

> Debtors are owned and controlled equally by David Townsend, Elizabeth Townsend and David Townsend II, making the Debtors "affiliates" pursuant to the Bankruptcy Code. The Debtors also have common and joint secured debtors and own adjoining real properties.

(Motions for Joint Administration at ¶¶ 11).

6. The Court set the Motions for hearing on April 15, 2025.

## OBJECTION

7. "Joint administration is a procedural tool permitting use of a single docket for administrative matters, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other ministerial matters that may aid in expediting the cases." Reider v. FDIC (In re Reider), 31 F.3d 1102, 1109 (11th Cir. 1994). Joint administration is "used as a matter of convenience and cost saving," and "does not create substantive rights." Id.

8. According to Fed. R. Bankr. P. 1015(b) addressing cases involving two or more related debtors, "[i]f a joint petition or two or more petitions are pending in the same court by or against (1) spouses, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b) (emphasis added).

9. The term **"affiliate"** is defined in 11 U.S.C. § 101(2), which provides that this term means:

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

   (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

   (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

   (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

   (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

10. Maine and Lake do not meet any of these definitions of "affiliates" as set forth in Section 101(2). Rather, they are two separate entities with a similar ownership and management structure: David Townsend serves as the manager of the debtor entities.

11. Because Lake and Maine are not affiliates under Section 101(2), spouses, a partnership and one or more of its general partners, or two or more general partners, they are not eligible for joint administration under Fed. R. Bankr. P. 1015(b).

12. While the United States Trustee does not believe joint administration is appropriate based on the plain language of Section 101(2) and Rule 1015(b), the United States Trustee has no objection to allowing these cases to travel together for the sake of efficiency for procedural purposes only (*i.e.*, scheduled for hearings together) so long as there are separate claims registers for each debtor and each debtor files its own monthly operating reports.

13. The United States Trustee defers to the Court as to whether to utilize its equitable powers under Section 105(a) to fashion more robust procedures in these two cases.

14. In several recent cases, bankruptcy courts in the Middle District of Florida have denied joint administration based on similar non-qualifying relationships. *See Bigritrans Inc.*, Case No. 6:24-bk-06936-TPG (Geyer, T.) (denying joint administration on January 28, 2025); *B & J Express Care Services, LLC*, Case No. 3:24-bk-1974-JAB (Brown, J.) (denying joint administration on September 9, 2024); *100 Charlotte LLC*, Case No. 6:24-bk-02514-TPG (Geyer, T.) (denying joint administration on June 10, 2024).

**WHEREFORE**, the UST requests that the Court deny the Motion to Jointly Administer these two cases and provide for such other and further relief as the Court deems just and proper.

DATED:  April 15, 2025                    Respectfully submitted,

                                                          Mary Ida Townson
                                                          United States Trustee, Region 21

                                                          */s/Audrey M. Aleskovsky*
                                                          Audrey M. Aleskovsky, Trial Attorney
                                                          United States Department of Justice
                                                          Office of the United States Trustee
                                                          Florida Bar No.: 103236
                                                          400 W. Washington Street, Suite 1100
                                                          Orlando, FL 32801
                                                          Telephone No.: (407) 648-6068
                                                          Audrey.M.Aleskovsky@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing objection has been served on the following parties on April 15, 2025, electronically through CM/ECF, on parties having appeared electronically in the instant matter, and/or that a copy hereof shall be served by U.S. Mail, postage prepaid, on April 15, 2025, on the following:

Lake Bennett Village-Ocoee, LLC
5237 Isleworth County Club Drive
Windermere, FL 34786


                                                                                                 */s/Audrey M. Aleskovsky*
                                                                          Audrey M. Aleskovsky, Trial Attorney